UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MANUEL E. RIVAS,

    Plaintiff,

v.

ZAKHEIM LAW GROUP, P.A. and
SHELBY LYNN SUMMERS,

    Defendants.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendants mailed a letter into this District.

## PARTIES

3.    Plaintiff, MANUEL E. RIVAS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.    Defendant, ZAKHEIM LAW GROUP, P.A., ("Zakheim") is a corporation formed under the laws of the State of Florida and citizen of the State of Florida with its

principal place of business at Second Floor, 1133 South University Drive, Plantation, Florida 33324.

5. Zakheim is registered with the Florida Department of State Division of Corporations as a domestic corporation. Its registered agent for service of process is Scott C. Zakheim, Second Floor, 1133 South University Drive, Plantation, Florida 33324.

6. Zakheim regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Zakheim regularly collects or attempts to collect debts for other parties.

8. Zakheim is a "debt collector" as defined in the FDCPA.

9. Defendant, SHELBY LYNN SUMMERS, ("Summers") is a natural person, a member of the Florida Bar and citizen of the State of Florida with her principal place of business located at Second Floor, 1133 South University Drive, Plantation, Florida 33324.

10. At all times material to the allegations herein, Summers was an employee of Zakheim.

11. Summers regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

12. Summers regularly collects or attempts to collect debts for other parties.

13. Summers is a "debt collector" as defined in the FDCPA.

**FACTUAL ALLEGATIONS**

14. Plaintiff incurred an alleged debt in the form of a credit card issued by TD Bank USA, N. A. ("TD Bank") which Plaintiff used to make purchases for his own personal, family and household purposes, the "alleged debt".

15. Plaintiff's obligation with TD Bank went into default.

16. Thereafter, Zakheim was retained for the purpose of collecting the alleged debt.

17. On or about February 10, 2017, Defendants mailed a letter dated February 9, 2017 ("the collection letter") to Plaintiff, attached as Exhibit "A".

18. The letter is signed by Summers.

19. Plaintiff received the letter shortly thereafter.

20. The letter was the first communication Plaintiff received from Defendants regarding the alleged debt.

21. On information and belief, the letter was the first communication Defendants sent to Plaintiff regarding the alleged debt.

22. The collection letter states:

> The amount of the debt: $2,923.24 as of the date of this letter. This amount may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the creditor or pursuant to applicable statute.

*Collection letter*, Exhibit "A"

23. TD Bank, however, had a policy of ceasing interest and other charges and not attempting to collect either on debts referred to Zakheim.

3

24. At the time Defendants sent their letter, TD Bank was no longer adding interest or other charges to the account.

25. Defendants falsely and deceptively represented that the amount of the debt may increase when it could not.

26. The representations of debt collectors are governed by the "least sophisticated consumer" standard. See *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985).

27. Defendants' representation that the debt may increase is a material misrepresentation as concern that the debt might increase could prompt the least sophisticated consumer to pay the debt to avoid additional interest or other charges when in reality the debt would never increase.

28. Defendants deceptively and misleadingly stated the amount of the alleged debt. The Second Circuit has held:

> We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

*Avila v. Riexinger & Assocs., LLC,* 817 F.3d 72 * (2d Cir. N.Y. Mar. 22, 2016)

## COUNT I
## DECEPTIVE AND MISLEADING STATEMENT OF THE AMOUNT OF THE DEBT

29. Plaintiff incorporates Paragraphs 1 through 28.

30. Defendants' letter deceptively and misleadingly states the amount of the debt in violation of 15 U.S.C. §1692e. *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

    DONALD A. YARBROUGH, ESQ.
    Attorney for Plaintiff
    Post Office Box 11842
    Ft. Lauderdale, FL 33339
    Telephone: 954-537-2000
    Facsimile: 954-566-2235
    don@donyarbrough.com

    By: s/ Donald A. Yarbrough
        Donald A. Yarbrough, Esq.
        Florida Bar No. 0158658